FILED

2017 NOV 29 PM 3: 11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:17-cr-282-Orl-376JK

18 U.S.C. § 922(g)

THEODORE VAZQUEZ

SEALED

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about August 7, 2016, in the Middle District of Florida, the

defendant,

**THEODORE VAZQUEZ,**

having been previously convicted in any court of a crime punishable by

imprisonment for a term exceeding one year, including:

1. Manufacture or delivery of cocaine, on or about September 24, 1999

2. Possession of more than 20 grams of cannabis, on or about October 26, 2006

3. Possession of cocaine with intent to sell or deliver, on or about October 26, 2006

4. Delivery or distribution of cannabis, on or about June 14, 2011

5.   Possession of a controlled substance, on or about June 14,
     2011

6.   Possession of a concealed weapon by a convicted felon, on or
     about October 14, 2011

7.   Trafficking in 28 grams or more of cocaine, on or about
     October 14, 2011

8.   Unlawful use of a two-way communication device, on or
     about October 14, 2011

9.   Tampering with a witness to hinder truthful testimony, on or
     about October 14, 2011,

did knowingly possess, in and affecting interstate and foreign commerce, a

firearm, that is, a Beretta, model 92FS, 9 mm pistol; a Sig Sauer, model P229,

9 mm pistol; a Benelli, model M3 Super 90, 12 gauge shotgun; a Savage,

model 93R17, .17 H.M.R. caliber rifle; and a Smith & Wesson, model M&P

15-22, .22 caliber rifle.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## FORFEITURE

1.   The allegations contained in Count One are incorporated by

reference for the purpose of alleging forfeiture pursuant to the provisions of 18

U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.   Upon conviction of a violation of 18 U.S.C. § 922(g), the

defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and

2

28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: _____
Embry J. Kidd
Assistant United States Attorney

By: _____
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

3

FORM OBD-34
November 17

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

THEODORE VAZQUEZ

INDICTMENT

Violations:   18 U.S.C. § 922(g)

A true bill,

W. ____

Foreperson

Filed in open court this 29th day of November, 2017.

____

Clerk

Bail $ ____

GPO 863 525