UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                               Case No. 6:17-cr-282-Orl-37GJK

THEODORE VAZQUEZ

---

### ORDER

Before the Court is Defendant Theodore Vazquez's *pro se* motion for compassionate release. (Doc. 56 ("**Motion**").) The Government responded (Doc. 58) and Mr. Vazquez replied[1] (Doc. 60). On review, the Motion is denied.

### I.  BACKGROUND

Mr. Vazquez pled guilty to transportation of a firearm across state lines as a convicted felon. (Docs. 1, 30, 38.) He was sentenced to 180 months' incarceration on May 14, 2018. (Doc. 44.) Mr. Vazquez is currently incarcerated at FCI Coleman Medium; he has served less than 3 years of his 15-year sentence with an expected release date of February 21, 2031. (Doc. 58, pp. 3, 15.) FCI Coleman Medium is suffering an outbreak of COVID-19, with 34 staff members testing positive and two inmate deaths.[2] (Doc. 58, p. 4.)

---

[1] Mr. Vazquez's reply was procedurally improper under Local Rule 3.01(b). But given his status—both proceeding *pro se* and as an incarcerated individual—and in the interests of time, the Court will accept his reply (Doc. 60).

[2] Fed. Bureau of Prisons, *COVID-19 Coronavirus Cases*, https://www.bop.gov/coronavirus/ (last accessed Nov. 12, 2020).

Mr. Vazquez suffers from a number of ailments, including hypothyroidism, chronic venous insufficiency, a history of bacterial infections and tuberculosis, a bilateral orchiectomy, edema, an enlarged prostate, and obesity. (*See* Doc. 56, p. 2; Doc. 59-1, pp. 4–5; Doc. 59-3, pp. 4, 8, 23, 32.) He requested compassionate release from the Warden of his facility on May 13, 2020, which was denied. (Doc. 56-7, pp. 2–5; Doc. 58-2.) Mr. Vazquez now asks the Court to order compassionate release under the First Step Act. (Doc. 56.) Briefing complete, the matter is ripe. (*See* Docs. 58, 60.)

## II.   LEGAL STANDARDS

The statute governing compassionate release, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, prescribes the limited circumstances in which a court may modify a term of imprisonment. A court may grant a request for compassionate release if it finds: (1) the defendant has exhausted his administrative remedies with the Bureau of Prisons ("**BOP**"); (2) the relevant § 3553(a) factors support release; (3) extraordinary and compelling reasons warrant compassionate release; and (4) the defendant is not a danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. The defendant must show relief is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

The sentencing factors courts consider include the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," to afford adequate deterrence, and to protect the public. 18 U.S.C. § 3553(a). And the Sentencing Commission has listed four circumstances that qualify as

"extraordinary and compelling": (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; or (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13, cmt. n.1; *see also Klatch v. United States*, No. 8:17-cr-135-T-27JSS, 2020 WL 1694299, at *2 (M.D. Fla. Apr. 7, 2020).

### III. ANALYSIS

At the outset, the Court notes it may proceed on the merits as the administrative requirement—the lapse of 30 days from the Warden's receipt of Mr. Vazquez's request—has been met, as the Government concedes. (Doc. 58, p. 12; Doc. 58-2.)

And, given COVID-19 and his health conditions—especially obesity, which the Centers for Disease Control and Prevention recognizes as a factor that puts individuals at increased risk[3]—he has shown extraordinary and compelling reasons for relief, as the Government also concedes. (Doc. 58, p. 12; Doc. 59-1, pp. 4–5; Doc. 59-3, pp. 4, 8, 23, 32.)

But release is not warranted because the § 3553(a) sentencing factors don't support it and Mr. Vazquez poses a danger to the community. He has served less than 3 years of his 15-year sentence and releasing him now would undermine the need for a just sentence and one that that promotes respect for the law and is both a general and specific deterrent—and it would be contrary to Congress's intentions in setting a mandatory minimum sentence for his crime. *See* 18 U.S.C. §§ 922(g)(1), 924(e), 3553(a); (*see also* Doc.

---

[3] *See* Ctrs. Disease Control & Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Nov. 12, 2020).

41, ¶ 132; Doc. 58, p. 15). And he poses a danger to the community. Mr. Vazquez is a documented gang member, with a violent criminal history—including a conviction for witness tampering after he traveled to the witness's workplace and threated to kill the witness and his children. (Doc. 41, ¶¶ 36–59); *see also United States v. Butler*, No. 19 Cr. 834-10 (PAE), 2020 WL 1689778, at *2–3 (S.D.N.Y. Apr. 7, 2020). So the Court will not grant compassionate release.

The Court is mindful of the concerns of incarcerated individuals during the COVID-19 pandemic given the significant health risks to inmates confined in correctional facilities, especially those with any underlying medical conditions. The Court also notes the BOP's extensive and aggressive efforts to mitigate the spread of COVID-19 and maintain the safety and security of BOP institutions. (*See* Doc. 58, pp. 4–9); *see also* Fed. Bureau of Prisons, *COVID-19 Action Plan: Phase Five* (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp. Given these efforts, the danger Mr. Vazquez poses to the community, and the § 3553(a) factors, release is not warranted.

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED** that Defendant Theodore Vazquez's Motion for a Reduction in Sentence Pursuant to the First Step Act and the Changes to the Compassionate Release Statute and 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 56) is **DENIED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 13, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
Defendant Theodore Vazquez