# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

-vs-                                                    Case No.  6:17-cr-282-37GJK

**THEODORE VAZQUEZ,**

      **Defendant.**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS
> **(Doc. No. 64)**
>
> **FILED:** December 17, 2020
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

On December 17, 2020, Defendant Theodore Vazquez, a federal prisoner, filed a motion for leave to appeal *in forma pauperis* (the "Motion"). Doc. No. 64. Defendant is appealing the Court's Order denying his Motion for a Reduction in Sentence Pursuant to the First Step Act and the Changes to the Compassionate

Release Statute and 18 U.S.C. § 3582(c)(1)(A)(i). Doc. Nos. 61, 62.

In the Motion, Defendant states that his monthly expenses are $130 for food and $30 for medical supplies. Doc. No. 64 at 5. Defendant's account balance is $2,757.01, and his "National 6 Months Avg Daily Balance" is $2,697.66. *Id.* at 7-8. Defendant does not list any dependents. Doc. No. 64.

In moving to proceed *in forma pauperis* under 42 U.S.C. § 1915, which governs such proceedings, the movant need not be absolutely destitute to be declared indigent. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948). If the movant submits a supporting affidavit demonstrating that, "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents[,]" then that is sufficient. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The Motion demonstrates that Defendant is able to pay the filing fee and still provide for his necessities. Doc. No. 64. He lists no dependents, his monthly expenses are $160, and his account balance and six months average daily balance exceed $2,500. *Id.* at 5, 7-8.

Defendant also fails to demonstrate that the appeal is taken in good faith. Federal Rule of Appellate Procedure 24(a)(3) states the following:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a

>criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>(A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>(B) a statute provides otherwise.

*See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). A movant demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Defendant does not state the issues he is appealing, much less demonstrate that they are non-frivolous.

Accordingly, it is recommended that the Motion (Doc. No. 64) be **DENIED** and the Court certify that the appeal is not taken in good faith.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from

the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on December 22, 2020.

*[Signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Counsel of record
Unrepresented parties
Courtroom Deputy